IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                  :
                                        :
LUIS SOSA BETANCOURT,                   :       Case No. 05-11515 (GAC)
                                        :
        Debtors                         :       Chapter 13
_____:

**DECISION AND ORDER**

The debtor filed this petition under Chapter 13 of the Bankruptcy Code on October 14, 2005.  The debtor scheduled R&G Mortgage Corporation ("R&G") with a secured claim in the amount of $71,993.17.  At the time of the filing, the debtor was current in his mortgage payments to R&G.  The debtor filed a plan on October 24, 2005, proposing to maintain regular payments to R&G (dkt. #3).

On February 17, 2006, Attorney Wallace Vazquez Sanabria filed a notice of appearance on behalf of R&G (dkt. #9) and a proof of secured claim in the principal amount of $56,243.46, with arrears in the amount of $1,065.84 (claim #15).  On May 23, 2006, the debtor filed an objection to R&G's claim, arguing that he owes no arrears to R&G and that the documents submitted by R&G do not pertain to him, his property or this case (dkt. #23).  R&G filed a response to the objection to claim on June 13, 2006, indicating that it was filing an amended proof of claim to include appropriate supporting documents and that although the debtor was current in payments, R&G incurred legal fees in two

1

bankruptcy cases, including the present petition (dkt. #31). R&G contends that under the circumstances, an appearance was needed to monitor the status of the claim and ascertain whether a discharge is obtained. R&G also filed an amended proof of claim, enclosing illegible mortgage documents (claim #19). The Court took the matter under advisement (dkt. #38).

<u>DISCUSSION</u>

The Court assumes that R&G is claiming an entitlement to attorney's fees pursuant to 11 U.S.C. § 506(b). This section provides that:

> [t]o the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement or State statute under which such claim arose.

Thus, pursuant to this section, R&G, as an oversecured creditor, is entitled to reasonable attorney's fees to the extent allowed by the terms of the contract.

The Court notes that in the debtor's previous case, Case No. 02-7468, the debtor was current with R&G at the time of the filing of the petition and that the debtor objected to R&G's claim for $450.00 in attorney's fees (dkt. #24) and the objection was granted (dkt. #27). Thus, the debtor's previous case can not be a basis for R&G's current claim.

In the present case, the mortgage documents attached to R&G's proof of claim are illegible and thus the Court is unable to conclude whether attorney's fees are provided for in the contract.  Moreover, even if the documents provide for attorney's fees, there is a limitation on a creditor's ability to collect them.  The Court must determine that the fees are reasonable.  As summarized by one noted commentator, "courts have been far more uniform in holding that they have inherent power to determine the reasonableness of the amount of attorney's fees to be allowed under section 506(b) and that reasonableness is to be determined in accordance with federal standards."  4 Collier on Bankruptcy ¶ 506.04[3][a][iii] (footnote omitted).  In determining reasonableness,

> [t]he bankruptcy courts will generally require the party seeking allowance of attorneys' fees to carry the burden of demonstrating reasonableness by providing a detailed description of the services rendered, supporting documentation, or other evidence prior to making a determination on an application for payment.  The bankruptcy court may also inquire into whether the services rendered are within the scope of the services covered by the fees provision of the applicable agreement, and whether the rendition of the services in question was reasonably required under the circumstances.

Id. (footnotes omitted).

This Court notes that there is a split of authority as to whether an oversecured creditor can charge attorney's fees for the preparation and filing of a proof of claim.  Some courts have

concluded that it is reasonable. See i.e. In re Powe, 278 B.R. 539, 556 (Bankr.S.D.Ala. 2002). Other courts have determined that the preparation of a proof of claim is a ministerial act for which no attorney's fees should be charged. See In re Madison, 337 B.R. 99 (Bankr.N.D.Miss. 2006); In re Staggie, 255 B.R. 48, 56 (Bankr.D.Idaho 2000); In re Allen, 215 B.R. 503, 504 (Bankr.N.D.Tex. 1997).

This Court concludes that the preparation of the proof of claim in this case was ministerial and that R&G can not assess attorney's fees for its preparation. The debtor was not in arrears at the time of the filing of the petition and the debtor has proposed from the time of filing to maintain direct payments to R&G. The debtor's plan was confirmed at a hearing on October 26, 2006 (dkt. #38) and the order of confirmation was entered on November 7, 2006 (dkt. #39). From this, the Court can not conclude that R&G required the services of an attorney merely because the debtor filed for bankruptcy relief. Thus, the Court concludes that the fees included as arrears in the proof of claim are unreasonable and they will be disallowed.

4

ORDER

Wherefore, IT IS ORDERED that the debtor's objection to the arrears included in R&G's claim, shall be, and it hereby is, GRANTED.  The arrears included in claim #19 are DISALLOWED.

SO ORDERED.

San Juan, Puerto Rico this 30th day of January, 2007.

S/Gerardo A. Carlo

_____
Gerardo A. Carlo
Chief U.S. Bankruptcy Judge