IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In re:                                  :
                                        :
LUIS SOSA BETANCOURT,                   :        Case No. 05-11515 (GAC)
                                        :
        Debtors                         :        Chapter 13
_____ :

**DECISION AND ORDER**

The Court entered a Decision and Order on February 1, 2007, granting the debtor's objection to the arrears included in a claim filed by R&G Mortgage Corporation ("R&G")(dkt. #44). The Court concluded that the arrears were unwarranted since the debtor was current in his mortgage payments to R&G and proposed to maintain regular payments to R&G. Moreover, the Court concluded that preparation of the proof of claim was ministerial and that attorney's fees could not be assessed for its preparation. The Court disallowed the fees as unreasonable.

On February 12, 2007, R&G filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). R&G contends that it is entitled to reasonable attorney's fees as provided for in the mortgage contract and that the request for fees in the amount of $1,065.84 is reasonable. R&G again argues that reasonable fees should be allowed for the filing of the proof of claim and argues that the Court did not give any value to the filing of a notice of appearance and the responsibility that it entails.

DISCUSSION

The First Circuit Court of Appeals has stated that relief from judgment under Federal Rule of Civil Procedure Rule 60(b) is an extraordinary remedy and that motions seeking to invoke that rule should be granted sparingly.  Gonzalez-Pina v. Rodriguez, 407 F.3d 425, 433 (1st Cir. 2005)(*citing* Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).  R&G, however, seeks to alter or amend the judgment pursuant to Federal Rule of Bankruptcy Procedure 9023, which makes Federal Rule of Civil Procedure 59 applicable.  This Rule states that "[a]ny motion to alter or amend a judgment must be filed no later than 10 days after entry of the judgment."  Fed. R. Civ. P. 59(e).  In seeking reconsideration under Federal Rule of Civil Procedure 59(e), "the moving party must 'either clearly establish a manifest error of law or must present newly discovered evidence.'"  Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005)(*quoting* Pomerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n. 2 (1st Cir. 2004)).  In Marie, the First Circuit also cited a leading treatise, noting four grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 59(e). These are "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law."  Marie v. Allied Home Mortgage Corp., 402 F.3d at 7 n. 2 (citing 11 C. Wright et al.,

*Federal Practice & Procedure* § 2810.1 (2d ed.1995)).

R&G does not indicate the grounds for its request for reconsideration.  R&G merely rehashes the arguments that it previously made in response to the debtor's objection to claim. While the Court agrees that R&G has an interest in monitoring bankruptcy cases involving debtors who owe R&G money, the Court disagrees that the mere filing of a bankruptcy petition, by a debtor that is current in payments to the bank and proposes to remain current, justifies an award of attorney's fees to the bank, even if the bank is oversecured and the fees are provided for in the mortgage contract.  The Court finds it patently unreasonable to surcharge the debtor for attorney's fees under these circumstances.  Accordingly, the motion for reconsideration will be denied.

<u>ORDER</u>

Wherefore, IT IS ORDERED that the motion for reconsideration filed by R&G Mortgage Corporation (dkt. #45) shall be, and it hereby is, DENIED.

SO ORDERED.

San Juan, Puerto Rico this 31st day of May, 2007.

s/Gerardo A. Carlo

_____
Gerardo A. Carlo
Chief U.S. Bankruptcy Judge